**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ANDREA L. PATTON                                                                                            PLAINTIFF

v.                                                4:17cv00820-KGB-JJV

NANCY A. BERRYHILL, Deputy
Commissioner for Operations, performing
the duties and functions not reserved to
the Commissioner of Social Security                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Kristine

G. Baker.   The parties may file specific objections to these findings and recommendations and

must provide the factual or legal basis for each objection.   The objections must be filed with the

Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy

must be served on the opposing party.   The district judge, even in the absence of objections, may

reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Andrea Patton, Plaintiff, has appealed the final decision of the Commissioner of the Social

Security Administration to deny her claim for disability insurance benefits and supplemental

security income.   The Administrative Law Judge (ALJ) concluded she had not been under a

disability within the meaning of the Social Security Act, because she could perform some of her

past relevant work.   (Tr. 52-70.)

This review function is extremely limited.   A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

1

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-six years old. (Tr. 111.) She is a high school graduate and has past relevant work as home health attendant and customer service representative. (Tr. 68.)

The ALJ[1] found Ms. Patton had not engaged in substantial gainful activity since April 20, 2015 - the alleged onset date. (Tr. 54.) She has "severe" impairments in the form of

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

fibromyalgia, carpal tunnel syndrome, degenerative disc disease of the lumbar and cervical spine, osteoarthrosis, allied disorders and peripheral neuropathy. (Tr. 55.) The ALJ further found Ms. Patton did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 55-56.)

The ALJ determined Ms. Patton had the residual functional capacity to perform a reduced range of light work. (Tr. 57.) He utilized the services of a vocational expert to determine the demands of Plaintiff's past relevant work. (Tr. 133.) Based on a set of hypothetical questions posed to the vocational expert (Tr. 133-136), the ALJ determined Ms. Patton could perform her past relevant work as a customer service representative. (Tr. 68.) Accordingly, the ALJ determined Ms. Patton was not disabled. (Tr. 69.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ failed to develop the record by not ordering additional consultative examinations. (Doc. No. 12 at 7-10.) The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Here, there is ample evidence to support the ALJ's decision. Moreover, Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

I understand Plaintiff's point – that "The ALJ was well aware that the mental RFC was going to be outcome determinative in light of Plaintiff's age." (Doc. No. 12 at 9.) But the overall evidence of record supports the ALJ's determination Ms. Patton had no "severe" mental impairments - a determination shared by Nick Rios, Psy.D., and Susan Daugherty, Ph.D. (Tr. 55, 144, 170-171.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Additionally, as the Commissioner points out, Plaintiff did not allege a mental impairment when applying for disability benefits. (Tr. 357.) And even more enlightening was Plaintiff's testimony in this regard. When asked if she had additional impairments beyond what she stated on her application, Ms. Patton stated, "I also have nerve damage in my hands and arms. They

have done MRI's on my neck and my back to where I have bulging disc, bone spurs, narrowing in my spine that your nerves go through, and degenerative bone disease in both my neck and my back." (Tr. 112.) When the ALJ asked, "Anything else?" (*Id*.) Plaintiff replied, "That's all I can remember." (*Id*.) Later, when Plaintiff's counsel stated, "And I know we're also alleging depression and anxiety - -," Plaintiff simply answered, "Right. Right." (Tr. 125.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed. Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither; therefore, her argument is without merit.

Plaintiff also alleges the ALJ failed to properly evaluate her subjective complaints and incorrectly determined her residual functional capacity. (Doc. No. 12 at 11-18.) Second-guessing an ALJ's credibility assessment is an agonizing task. Plaintiff clearly suffers from limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments and I am sympathetic to Ms. Patton's claims. However, the objective medical records simply fail to support Plaintiff's claim of complete disability.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with serious illnesses, the treatment records fail to show marked

limitation in her ability to perform work related activities at the light exertional level. I further recognize fibromyalgia is a chronic condition and it can be disabling. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision here.

Based on the overall record in this case, I find the ALJ could rightly conclude that Plaintiff was capable of performing a reduced range of light work. There is substantial evidence to support the ALJ's determination. The physical examination results from Little Rock Diagnostic Clinic routinely show nothing that would support a claim of disability. (Tr. 434, 438, 444, 450-51, 461, 465, 471, 477-78, 510-11, 516, 598-99, 604-5, 611, 616, 622, 627.) And the diagnostic tests were either normal or showed only mild anomalies. (Tr. 463, 641, 702, 765.) After a thorough neurosurgery consultative examination (Tr. 765-770), Blake Phillips, M.D., concluded Ms. Patton's complaints of pain were "out of proportion to imaging studies." (Tr. 768.)

I am sympathetic to Ms. Patton's claims. As usual, Plaintiff's counsel has done an admirable job advocating for Plaintiff's rights in this case. However, I am unable to find reversible fault in the ALJ's opinion. The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing her past work as a customer service representative. (Tr. 52-70.) In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. The ALJ's opinion fairly sets out the rationale for his conclusions. (*Id.*)

Plaintiff has advanced other arguments I have considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the

decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 25th day of July, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE